UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GREGORY GANCI,<br><br>                       Plaintiff<br><br>v.<br><br>KENNETH WILLIAMS, *et al.*,<br><br>                       Defendants | Case No. 3:25-CV-00773-MMD-CLB<br><br>**ORDER** |

On December 31, 2025, *pro se* plaintiff Gregory Ganci, an inmate in the custody of the Nevada Department of Corrections, submitted an application to proceed *in forma pauperis*, but Plaintiff did not file a complaint. (ECF No. 1). This Court is aware that Plaintiff also initiated the action styled *Ganci v. Williams*, Case No. 3:25-CV-00772-ART-CLB ("*Ganci 1*") on December 31, and his initiating documents in that action contain a complaint, an *in forma pauperis* application, and motions. In *Ganci 1*, Plaintiff contends that prison staff were indifferent to his various medical needs. The Court will grant Plaintiff an extension of time to file a complaint in this action. Alternatively, if Plaintiff did not intend to initiate this civil action but meant to file only one lawsuit, then he must file a notice under Federal Rule of Civil Procedure ("FRCP") 41(a)(1)(A)(i) voluntarily dismissing this later-filed action.

**I.   DISCUSSION**

Under the local rules, a *pro se* plaintiff must file a civil rights complaint on the form provided by this Court or it must be legible and contain substantially all the information called for by the Court's form. *See* Nev. Loc. R. Prac. LSR 2-1. Plaintiff has not filed a complaint in this action. If Plaintiff wishes to proceed with this lawsuit, then he must file a signed complaint on the Court's approved form.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dept. of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *overruled on*

*other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). In fact, duplicative lawsuits by a litigant who is proceeding under *in forma pauperis* status may be dismissed as malicious and thus constitute a strike under the Prison Litigation Reform Act, 28 U.S.C. § 1915. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995). If Plaintiff did not intend to initiate this civil action but meant to file only one lawsuit, then he must file a notice under FRCP 41(a)(1)(A)(i) voluntarily dismissing this action.

## II.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff has **until February 5, 2026**, to file a signed complaint using this Court's approved form.

Alternatively, if Plaintiff did not intend to initiate this civil action but meant to file only one lawsuit about indifference to his medical needs, **IT IS FURTHER ORDERED** that Plaintiff has **until February 5, 2026**, to file a notice under FRCP 41(a)(1)(A)(i) voluntarily dismissing this action without prejudice.

Plaintiff is cautioned that this action will be subject to dismissal without prejudice if he fails to timely comply with this order. A dismissal without prejudice allows Plaintiff to refile the case with the Court, under a new case number, when Plaintiff can comply with LSR 2-1 and file a complaint.

The Clerk of the Court is directed to send Plaintiff this Court's approved 42 U.S.C. § 1983 complaint form with instructions.

**DATED**: January 6, 2026

_____
UNITED STATES MAGISTRATE JUDGE